CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 27 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EDWARD L. KINGSLEY, | ) | Civil Action No. 7:15-cv-00425 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARKE, | ) | By:   Hon. Michael F. Urbanski |
|     Respondent. | ) |        United States District Judge |

Edward L. Kingsley, a Virginia prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his convictions entered by the Circuit Court for the City of Staunton. Respondent filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, the court dismisses the petition as time barred.

**I.**

The Circuit Court for the City of Staunton sentenced Petitioner on June 9, 2009, to object sexual penetration, in violation of Virginia Code § 18.2-67.2, and aggravated sexual battery of a minor, in violation of Virginia Code § 18.2-67.3. Petitioner appealed unsuccessfully to the Court of Appeals of Virginia, and the Supreme Court of Virginia refused his appeal on September 8, 2010. Petitioner does not claim to have requested review by the Supreme Court of the United States.

Petitioner filed a petition for a writ of habeas corpus in the Circuit Court for the City of Staunton on December 20, 2011, and that court dismissed the petition on June 7, 2012, as untimely filed. Next, Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia on January 11, 2013. Petitioner claimed in the second petition that, inter alia, he was deprived "the right to counsel or effective assistance of counsel during the initial-review

collateral proceeding under Martinez v. Ryan, 132 S. Ct. 1309 (2012)[,]" when the circuit court dismissed his first petition as untimely. The Supreme Court of Virginia dismissed the habeas petition as successive and untimely on March 5, 2013, and Petitioner filed his federal petition no earlier than July 27, 2015. See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule).

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[2] 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. United States v. Clay, 537 U.S. 522, 524 (2003). The one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2); see Wall v. Kholi, 562 U.S. 545, 558-60 (2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on December 7, 2010, when the time expired to seek review by the Supreme Court of the United States. See U.S. Sup. Ct. R. 13(1) (stating appellant must file a petition for a writ of certiorari within ninety days of the judgment being appealed). Therefore, Petitioner had until December 7, 2011, to timely file a federal habeas petition.

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

2

Petitioner filed his first state habeas petition on December 20, 2011, which was more than a year after his convictions became final. Accordingly, the federal statute of limitations had already expired by the time Petitioner filed his first state habeas petition, and statutory tolling is not possible. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (recognizing that state habeas petitions cannot revive an already expired federal limitations period).

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649-50 (2010).

Petitioner's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, the court does not find any extraordinary circumstance in this record that prevented Petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Moreover, Petitioner fails to establish in this case that the Martinez exception applies to excuse an untimely filed federal petition. The Supreme Court in Martinez held that ineffective assistance of counsel "at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315. Although Martinez concerned a judicially-

3

crafted procedural default doctrine, it did not extend to an already-expired federal limitations period fixed by statute. See, e.g., Couch v. Woodson, No. 3:13cv146, 2013 U.S. Dist. LEXIS 158461, at *5-6, 2013 WL 5933543, at *2 (E.D. Va. Nov. 5, 2013) (collecting cases for that proposition). Accordingly, Petitioner filed the federal habeas petition beyond the one-year statute of limitations, Petitioner is not entitled to equitable tolling, and the petition must be dismissed.

### III.

For the foregoing reasons, the court grants Respondent's motion to dismiss and dismisses the petition for a writ of habeas corpus. Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

ENTER: This 27th day of May, 2016.

/s/ Michael F. Urbanski
United States District Judge